IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLEY A. McFARLAND | ) | |
| | ) | |
| v. | ) | 3-07-CV-1595-N |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Statement of the Case**: McFarland is confined at the Alfred Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Gatesville, Texas, pursuant to a conviction for aggravated robbery in No. F-79-4801-JIKS for which he received a life sentence on March 19, 1982, for the offense of escape in No. 18,463 for which he received a five-year sentence on August 29, 1988, to run consecutively to the aggravated robbery sentence, and for the offense of burglary of a habitation in No. 18,465 for which he was sentenced to a consecutive term of 99 years imprisonment upon completion of his escape conviction.

On June 10, 2002, the Board of Pardon and Paroles declined to release McFarland on parole and denied parole again on May 3, 2005. McFarland filed an art. 11.07 application on July 26, 2006, complaining of the Board's refusals to grant him parole. His application was denied by the Texas Court of Criminal Appeals on September 20, 2006, on the findings of the trial court without a

hearing. *See* Application No. 13,077 at cover.[1]

**Findings and Conclusions**: In his motion Respondent contends that the relief sought by McFarland is barred by limitations. *See* 28 U.S.C. § 2244(d). Since McFarland is not attacking the legality of his underlying convictions, the only relevant provision which informs the commencement of the one-year period of limitation is that which is set out in § 2244(d)(1)(D), to wit: "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The gravamen of his petition is that the Board unlawfully denied him release on mandatory supervision from his aggravated robbery conviction. It is clear that he was fully aware of the Board's decision not to authorize his release from custody on or about June 10, 2002.[2] Under § 2244(d)(1)(D) the one-year limitation period expired on or about June 10, 2003. While "a properly filed application" for State court review tolls the limitation period, *see* § 2244(d)(2), his application filed on July 26, 2006, was long after the limitation period expired. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). In his motion Quarterman argues that equitable tolling should not be applied to a state prisoner's habeas petition subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* motion at page 5, n. 4. However, he concedes that in this circuit "sufficiently rare and exceptional circumstances" may justify application of equitable tolling. *See e.g. Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). In his reply

---

[1] McFarland filed three previous art. 11.07 applications which were denied, none of which is relevant to the issues raised in the present petition.

[2] Although there is nothing before the court which sets out when McFarland claims that his calendar time and credits on his aggravated robbery conviction were sufficient to entitle him to mandatory supervision, he could have easily discovered that the Board was refusing to treat him as a mandatory supervision candidate either by an administrative inquiry or by filing of an art. 11.07 application shortly after the Board's action in June 2002.

McFarland does not claim that equitable tolling should apply, but rather erroneously contends that the limitation period did not begin to run prior to September 20, 2006. Therefore, Respondent's motion to dismiss should be granted.

In the alternative McFarland's petition fails to state a cognizable claim for federal habeas corpus relief. *See* § 2254(d)(1) and (2). The issue of whether a Texas state prisoner sentenced to a term of life imprisonment is subject to the state's mandatory supervision law was addressed by the Texas Court of Criminal Appeals in *Ex Parte Franks,* 71 S.W.3d 327, 328 (Tex.Crim.App. 2001). The Fifth Circuit had occasion to apply the state court's interpretation of the Texas law in *Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002). Based upon the Court of Criminal Appeals' reasoning that: "under a literal reading of the law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life," the court concluded that a Texas prisoner serving a life sentence is not eligible for mandatory supervised release and affirmed the district court's dismissal of the petition.

Although McFarland arguably is eligible for release on parole, it is well settled that mere eligibility for parole consideration is not a protected liberty interest under Texas law. *See e.g. Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) ("In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole ... In fact we have expressly held that there is no constitutional expectancy of parole in Texas.")[3]

---

[3]McFarland's reliance on *Rummel v. Estelle,* 587 F.2d 651, 659 (5th Cir. 1978), affirmed 445 U.S. 263, 100 S.Ct. 1133 (1980), is misplaced, *see* Petitioner's response filed on January 10, 2008, as that case and the decision rendered dealt with issues under the Eighth and Fourteenth Amendments.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed as being barred by limitations or, in the alternative, that the petition be denied and dismissed for the failure to present a cognizable claim for federal habeas corpus relief.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 25th day of March, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KELLEY A. McFARLAND** | ) | |
| | ) | |
| v. | ) | 3-07-CV-1595-N |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Statement of the Case**: McFarland is confined at the Alfred Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Gatesville, Texas, pursuant to a conviction for aggravated robbery in No. F-79-4801-JIKS for which he received a life sentence on March 19, 1982, for the offense of escape in No. 18,463 for which he received a five-year sentence on August 29, 1988, to run consecutively to the aggravated robbery sentence, and for the offense of burglary of a habitation in No. 18,465 for which he was sentenced to a consecutive term of 99 years imprisonment upon completion of his escape conviction.

On June 10, 2002, the Board of Pardon and Paroles declined to release McFarland on parole and denied parole again on May 3, 2005. McFarland filed an art. 11.07 application on July 26, 2006, complaining of the Board's refusals to grant him parole. His application was denied by the Texas Court of Criminal Appeals on September 20, 2006, on the findings of the trial court without a

hearing.  *See* Application No. 13,077 at cover.[1]

**Findings and Conclusions**: In his motion Respondent contends that the relief sought by McFarland is barred by limitations.  *See* 28 U.S.C. § 2244(d).  Since McFarland is not attacking the legality of his underlying convictions, the only relevant provision which informs the commencement of the one-year period of limitation is that which is set out in § 2244(d)(1)(D), to wit: "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The gravamen of his petition is that the Board unlawfully denied him release on mandatory supervision from his aggravated robbery conviction.  It is clear that he was fully aware of the Board's decision not to authorize his release from custody on or about June 10, 2002.[2]  Under § 2244(d)(1)(D) the one-year limitation period expired on or about June 10, 2003.  While "a properly filed application" for State court review tolls the limitation period, *see* § 2244(d)(2), his application filed on July 26, 2006, was long after the limitation period expired.  *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).  In his motion Quarterman argues that equitable tolling should not be applied to a state prisoner's habeas petition subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* motion at page 5, n. 4.  However, he concedes that in this circuit "sufficiently rare and exceptional circumstances" may justify application of equitable tolling.  *See e.g. Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999).  In his reply

---

[1] McFarland filed three previous art. 11.07 applications which were denied, none of which is relevant to the issues raised in the present petition.

[2] Although there is nothing before the court which sets out when McFarland claims that his calendar time and credits on his aggravated robbery conviction were sufficient to entitle him to mandatory supervision, he could have easily discovered that the Board was refusing to treat him as a mandatory supervision candidate either by an administrative inquiry or by filing of an art. 11.07 application shortly after the Board's action in June 2002.

2

McFarland does not claim that equitable tolling should apply, but rather erroneously contends that the limitation period did not begin to run prior to September 20, 2006. Therefore, Respondent's motion to dismiss should be granted.

In the alternative McFarland's petition fails to state a cognizable claim for federal habeas corpus relief. *See* § 2254(d)(1) and (2). The issue of whether a Texas state prisoner sentenced to a term of life imprisonment is subject to the state's mandatory supervision law was addressed by the Texas Court of Criminal Appeals in *Ex Parte Franks,* 71 S.W.3d 327, 328 (Tex.Crim.App. 2001). The Fifth Circuit had occasion to apply the state court's interpretation of the Texas law in *Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002). Based upon the Court of Criminal Appeals' reasoning that: "under a literal reading of the law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life," the court concluded that a Texas prisoner serving a life sentence is not eligible for mandatory supervised release and affirmed the district court's dismissal of the petition.

Although McFarland arguably is eligible for release on parole, it is well settled that mere eligibility for parole consideration is not a protected liberty interest under Texas law. *See e.g. Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) ("In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole ... In fact we have expressly held that there is no constitutional expectancy of parole in Texas.")[3]

---

[3]McFarland's reliance on *Rummel v. Estelle,* 587 F.2d 651, 659 (5th Cir. 1978), affirmed 445 U.S. 263, 100 S.Ct. 1133 (1980), is misplaced, *see* Petitioner's response filed on January 10, 2008, as that case and the decision rendered dealt with issues under the Eighth and Fourteenth Amendments.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed as being barred by limitations or, in the alternative, that the petition be denied and dismissed for the failure to present a cognizable claim for federal habeas corpus relief.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 25th day of March, 2008.

*WM. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.